**Thomas E. GREEN, Plaintiff,**

v.

**TERMINIX INTERNATIONAL, INC. a corporation, Defendant.**

**No. 85–210–Civ–J–12.**

United States District Court, M.D. Florida, Jacksonville Division.

Aug. 25, 1986.

---

Marshall Liptak, Jacksonville, Fla., for plaintiff.

Harold B. Wahl, Jacksonville, Fla., for defendant.

## ORDER

MELTON, District Judge.

The above-styled action is predicated upon a two-count complaint, filed by plaintiff on March 15, 1985. Count I of the complaint alleges a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (1982), to recover unpaid compensation in the form of overtime pay and minimum wages. In a motion for partial summary judgment filed herein on April 11, 1986, defendant attacks this count claiming that, because plaintiff was employed by defendant as an outside salesman, plaintiff is not covered by the wage and overtime provisions of the FLSA. While plaintiff has not filed a response to defendant's motion, plaintiff previously addressed the FLSA–coverage question in its Response to Motion for Compliance and Sanctions, filed herein on December 24, 1985. The Court has considered both defendant's motion for partial summary judgment and plaintiff's responsive arguments and has concluded that defendant's motion

should be granted. A brief discussion of this ruling follows below.

Under 29 U.S.C. § 213(a)(1) (1982), an employee working as an "outside salesman" is not entitled to the protections of the wage and overtime provisions of the FLSA. The term "outside salesman" is defined in 29 C.F.R. § 541.5 (1985) as follows:

> The term "employee employed * * * in the capacity of outside salesman" in section 13(a)(1) of the Act shall mean any employee:
>
> (a) Who is employed for the purpose of and who is customarily and regularly engaged away from his employer's place or places of business in:
>
> (1) Making sales within the meaning of section 3(k) of the Act, or
>
> (2) Obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
>
> (b) Whose hours of work of a nature other than that described in paragraph (a)(1) or (2) of this section do not exceed 20 percent of the hours worked in the workweek by nonexempt employees of the employer: *Provided,* That work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall not be regarded as nonexempt work.

In determining whether plaintiff was employed by defendant as an outside salesman, the Court has reviewed both the pertinent portions of plaintiff's deposition and the affidavit of plaintiff's former supervisor, Matt Maher. This evidence makes it clear that plaintiff's job consisted of two activities: the actual sale of pest control services and demonstrations and inspections which were "incidental to and in conjunction with" plaintiff's sales and solicitations. Plaintiff's former position can thus be aptly characterized as that of an "outside salesman" and, as such, plaintiff has no cause of action under the FLSA for unpaid compensation. Accordingly, it is

ADJUDGED:

1. That defendant's motion for partial summary judgment is hereby granted; and

2. That judgment is hereby entered for defendant on Count I of the complaint.